IN THE UNITES STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| THE BAG BOY COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11cv123 |
| | ) | |
| WEST COAST TRENDS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

For its Complaint against West Coast Trends, Inc., for false patent marking, Plaintiff The Bag Boy Company, LLC ("Bag Boy") alleges as follows:

### I. NATURE OF THE ACTION

1.      This is an action for false patent marking arising under 35 U.S.C. § 292.

2.      As set forth in detail below, Defendant West Coast Trends, Inc. ("West Coast Trends") violated 35 U.S.C. § 292(a) by using false patent markings in advertising products for sale with the intent to deceive the public.

3.      The patent marking statute, 35 U.S.C. § 287(a) (the "Patent Marking Statute"), and the false patent marking statute, 35 U.S.C. § 292 (the "False Marking Statute"), exist to insure that the public has accurate information on the existence of patent rights in articles.

4.      The several purposes of the Patent Marking Statute were explained by the U.S. Court of Appeals for the Federal Circuit in *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998), as: (1) helping to avoid innocent infringement, (2) encouraging patentees

to give notice to the public that the article is patented, and (3) aiding the public to identify whether an article is patented.

5.     When the Patent Act of 1952 was enacted, false patent marking was punishable as a criminal offense under Title 18 of the United States Code.  The Patent Act of 1952 retained a *qui tam* cause of action on behalf of the public to fine offenders of false patent marking in an amount of up to $500 for each offense, with half of the fine going to the United States government, and the other half going to the party bringing the action.

6.     False marking of unpatented articles as "patented" is injurious to the public interest because it deters innovation and stifles competition in the marketplace, as well as causing unnecessary investment in design-arounds and/or costs incurred to analyze the validity or enforceability of products purportedly covered by a patent.  Moreover, false patent markings can deceive the public into believing that a product possesses purportedly superior designs or utilitarian features that are unique to such article and not available in substitute articles from other producers, thus inducing consumer demand for the marked product to the detriment of competitors.

7.     "The possession and assertion of patent rights are 'issues of great moment to the public.'... A patent by its very nature is affected with a public interest." *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery*, 324 U.S. 806, 816 (1945).  Moreover, "[a]n unpatentable article, like an article on which the patent has expired, is in the public domain and may be made and sold by whoever chooses to do so." *Sears Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225 (1964); *Compco Corp. v. Day-Brite Lighting*, 376 U.S. 234 (1964).

8.     Given the public's interest in the patent system, Congress has empowered "any person" to file a false marking action in federal court under 35 U.S.C. § 292, regardless of

whether the person acting has adverse legal interests to the patentee or has sustained an injury-in-fact. Indeed, Congress's interest in preventing false marking was so great that it enacted a statute which permits members of the public to sue on behalf of the government and thereby help control false marking.

9.      Bag Boy, on its own behalf and on behalf of the United States, seeks an award of monetary damages of $500 for each of West Coast Trends' violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## II. PARTIES, JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1338(a), and 1355(a).

11.     Bag Boy is a limited liability company organized and existing under the laws of the Commonwealth of Virginia, with its principal place 8575 Magellan Parkway, Suite 1000, Richmond, Virginia 23027.

12.     West Coast Trends is a California corporation having a place of business at 17811 Jamestown Lane, Huntington Beach, California 92647.

13.     West Coast Trends regularly conducts business in this judicial district. West Coast Trends sells products in this judicial district directly through its website, www.clubglove.com, and through retail stores (for example, Golf Galaxy, 9860 West Broad Street, Glen Allen, Virginia), and it has purposefully shipped products to this judicial district through established distribution channels.

14.     West Coast Trends is subject to personal jurisdiction in this judicial district, under Virginia Code § 8.01-328.1, because it has sufficient minimum contacts with the forum as a result of business conducted within the Commonwealth of Virginia and within the Eastern

District of Virginia. Specifically, West Coast Trends has sold offending products in the Eastern District of Virginia and/or has sold such products under circumstances in which it was reasonably foreseeable that such products would be shipped into the Eastern District of Virginia.

15.     Venue is proper pursuant to 28 U.S.C. § 1391(a) and Local Civil Rule 3(C) because Bag Boy has its principal place of business in this district and division and a substantial part of the events giving rise to the claim against West Coast Trends occurred in this judicial district and division.

### III. FACTUAL BACKGROUND

16.     The Bag Boy Company has been making golf-related products since 1946. Bag Boy has become one of the most respected golf brands by building a reputation for innovation, quality and durability. While Bag Boy first started with golf bag pull carts, it expanded its products over the years and is a brand leader in the golf cart, bag and travel cover markets. Bag Boy competes directly with West Coast Trends in the golf bag and travel cover markets.

17.     On or about April 24, 1997, Jeffrey C. Herold, the founder and President of West Coast Trends (the "Applicant"), filed an application, Application No. 29/068,989 (the "'989 Application"), with the United States Patent and Trademark Office ("USPTO") for a design patent for a "Travel Bag Base Element."

18.     A "design patent" protects the way an article looks (35 U.S.C. § 171), whereas a "utility patent" protects the way an article is used and works (35 U.S.C. § 101). The patent law provides for the granting of design patents to any person who has invented any new, original and ornamental design for an article of manufacture. A design patent protects only the appearance of the article and not structural or utilitarian features. A design patent application may only have a single claim (37 CFR § 1.153) which is usually comprised of drawings of the claimed design.

19.     During prosecution of the '989 Application, the Applicant submitted drawings (the "Original Drawings") based on West Coast Trends' design of the travel bag base element for its travel bag products as of the year 1997. .

20.     By Office Action dated August 24, 2004, the USPTO examiner reviewing the '989 Application rejected West Coast Trends' proposed patent claim based on the "many inconsistencies in the drawing views, the lack of appropriate surface shading and the lack of an accurate perspective view thereof."

21.     In response to the August 24, 2004, Office Action, the Applicant, through his legal counsel, Thelen, Reid & Priest, LLP, filed new drawings in support of the '989 Application on February 28, 2005.  These new drawings (the "New Drawings") were based on the design of West Coast Trends' travel bag base element as of the year 2004, which differed substantially from the 1997 design of the travel bag base element set forth in the Original Drawings submitted by West Coast Trends in the '989 Application.

22.     By Office Action dated March 14, 2005, the USPTO examiner again rejected West Coast Trends' patent claim because the New Drawings "introduce[] new matter not supported by the original disclosure."  The examiner went on to explain that:

> case law holds that any change to the shape or configuration of a design disclosed in an earlier application constitutes an entirely new design that cannot rely upon the earlier one for priority... [and] a later filed application that changes the shape or configuration of a design disclosed in a prior application does not satisfy the written description of 35 U.S.C. 112, first paragraph, under 35 U.S.C. 120 and is not entitled to the benefit of the earlier filing date.

The examiner further advised that "[t]o overcome this rejection, applicant may attempt to demonstrate that the original disclosure establishes that he or she was in possession of the

amended claim or consider filing a new application as a Continuation-in-Part under 35 U.S.C. 120."

21.    On May 12, 2005, in response to the March 14, 2005, Office Action, the Applicant, through his legal counsel, Thelen, Reid & Priest, LLP, resubmitted the Original Drawings after revising them to address and overcome the defects identified in the August 24, 2004, Office Action.

22.    Significantly, the Applicant chose not to rely on the New Drawings to file a new application or to file a Continuation-in-Part of the original application, as suggested by the USPTO examiner.  Thus, any patent rights that may have existed in the design represented by the New Drawings were surrendered to the public.

23.    By Notice of Allowability dated May 12, 2005, the USTPO examiner approved the Original Drawings as revised in West Coast Trends' May 14, 2005, response to Office Action, and approved West Coast Trends' patent claim.  On November 1, 2005, the USTPO formally issued U.S. Design Patent D511,043 (the "'043 Patent").  West Coast Trends is the assignee of the '043 Patent.

24.    At some point after November 1, 2005, West Coast Trends began marking its travel bag products with the '043 Patent number by stamping it on the travel bag products themselves and including it on the product labels and inserts.  For example, on West Coast Trends' "Last Bag" product, the travel bag base element is stamped "U.S. Patent No. D511,043 S," and the product literature accompanying the bag states "The Last Bag® is equipped with a patented protective base (U.S. patent D511,043 S)…"

25.    West Coast Trends sells, offers to sell, has sold and/or has offered to sell numerous products which it has marked or otherwise advertised as being covered by the '043

Patent, including, but not limited to, the Last Bag, the Last Bag XXL, the Burst Proof with Wheels II, the Rolling Duffle II, the Rolling Duffle II XL, the Mini Rolling Duffle II, the PiggyBack 2 Ensemble, the PiggyBack II, and the Carry-On (the "Offending Products"). The Offending Products are not, in fact, covered by or within the claim of the '043 Patent.

26.     West Coast Trends knows that its '043 Patent does not cover the Offending Products. The '043 Patent is a design patent that covers only the specific design shown in the drawings set forth in the issued patent and no other design. As West Coast Trends is well aware from the prosecution of the '989 Application, the design approved in the '043 Patent does not cover the travel bag base element used with the Offending Products. To the contrary, when the Applicant submitted the New Drawings to the USPTO the USPTO examiner specifically rejected the Applicant's reliance on the New Drawings and refused to grant a patent based on the New Drawings. Although the USPTO examiner suggested that the New Drawings be submitted as part of a new application or a Continuation-in-Part of the '989 Application, the Applicant did not do so and thus surrendered any rights he may have had in the design represented by the New Drawings.

27.     West Coast Trends is a sophisticated company that has obtained multiple patents and has sought to enforce such patents against third parties through litigation. Throughout these efforts, West Coast Trends has engaged and been represented by competent legal counsel who would have known that the '043 Patent did not cover the Offending Products and would have advised West Coast Trends against marking the Offending Products or advertising that the Offending Products are or were covered by the '043 Patent.

28.     Despite its knowledge that the '043 Patent did not (and does not) cover the Offending Products, West Coast Trends has advertised and continues to advertise the Offending

Products as being covered by or subject to the '043 Patent with the intent to mislead the public into believing (a) that West Coast Trends controls the intellectual property embodied in the Offending Products, (b) that its products are of a superior quality to its competitors' products, including Bag Boy's products, and (c) that the Offending Products possess design or utilitarian features that are unique to such articles, and not available in substitute articles from other producers, thus inducing consumer demand for the marked product to the detriment of competitors, including Bag Boy. West Coast Trends falsely marks advertisements for the Offending Products both on the internet at www.clubglove.com and in printed materials and catalogs.

29.     Bag Boy, as a competitor with West Coast Trends in the golf travel bag market, has been injured by West Coast Trends' false marking of the Offending Products. By marking its products with the '043 Patent, West Coast Trends has misled consumers into believing that its golf travel bag products have a superior design or utilitarian features that are unique to the Offending Products and that such purportedly superior design and/or utilitarian features are not available in substitute articles of Bag Boy (or other golf travel bag manufacturers), thus inducing consumer demand for the Offending Products to the detriment of Bag Boy's golf travel bag products.

## IV. CLAIM FOR RELIEF AGAINST WEST COAST TRENDS

30.     Bag Boy incorporates Paragraphs 1-29 of this Complaint as if fully set forth in this paragraph.

31.     West Coast Trends intentionally marked its Offending Products with the '043 Patent, despite knowing that the claim of the '043 Patent does not cover the Offending Products

and cannot afford patent protection to the Offending Products, with the intent to deceive the public.

32.    West Coast Trends intentionally advertised the Offending Products as being covered by the '043 Patent, despite knowing that the claim of the '043 Patent does not cover the Offending Products and cannot afford patent protection to the Offending Products, with the intent to deceive the public.

33.    West Coast Trends knew or reasonably should have known that using the '043 Patent number on products not covered by or within the claims of the '043 Patent violated federal patent marking laws, which authorize marking or advertising only existing and enforceable patent or patent pending claims on a "patented" article.

34.    Each false marking by West Coast Trends damages Bag Boy and the public as follows:

(a)    by discouraging and deterring persons and companies from commercializing competing products or pursuing development of competing products and or related products, thus stifling competition and increasing the cost of goods;

(b)    by misleading competitors and consumers into believing that West Coast Trends controls the intellectual property embodied in the Offending Products;

(c)    by causing unnecessary investment in design around or costs incurred to analyze the validity or enforceability of products purportedly covered by a patent; and

(d)    by misleading consumers into believing that the Offending Products possess design or utilitarian features that are unique to such articles, and not available in substitute articles from other producers, thus inducing consumer demand for the Offending Products.

35.     By falsely marking and advertising its products with the '043 Patent, West Coast Trends has wrongfully and illegally asserted a patent monopoly which it does not possess and, as a result, has benefited by limiting competition with respect to the Offending Products, which benefit has come at the expense of Bag Boy, West Coast Trends' other competitors, and the public.

36.     West Coast Trends' actions are in violation of 35 U.S.C. § 292.

### V. DEMAND FOR RELIEF

WHEREFORE, Plaintiff Bag Boy demands entry of judgment against Defendant West Coast Trends granting relief as follows:

A.      A determination that West Coast Trends has violated 35 U.S.C. § 292 by falsely advertising that its Offending Products are "patented," knowing that the '043 Patent does not apply to the Offending Products, for the purpose of deceiving the public;

B.      An order fining West Coast Trends for false marking of its Offending Products in an amount which is reasonable in light of the total revenue and gross profit derived from the sale of falsely marked goods and the degree of intent to falsely mark which is proven, with half of the fine going to the use of the United States and the other half going to Bag Boy;

C.      An order preliminarily and permanently enjoining West Coast Trends, its officers, agents, servants, employees, contractors, suppliers and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from committing new acts of false patent marking and to cease all existing acts of false patent marking immediately;

D.      A determination that this case is "exceptional" under 35 U.S.C. § 285, thus warranting an award of attorneys' fees to Bag Boy;

E.      An award in favor of Bag Boy, and against West Coast Trends, for the costs incurred by Bag Boy in bringing and maintaining this action, including reasonable attorneys' fees and costs; and

F.      Such other, further, and different relief as may be just and appropriate.

A jury trial is demanded on all issues.

Respectfully submitted,

THE BAG BOY COMPANY, LLC


Of Counsel


Robert A. Angle, VSB #37691
Dabney J. Carr, IV, VSB #28679
TROUTMAN SANDERS LLP
Troutman Sanders Building
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  804-697-1200
Facsimile:  804-697-1339
Email:  robert.angle@troutmansanders.com
Email:  Dabney.carr@troutmansanders.com
2021481v2